UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEFFERY JOHNSON

                              Plaintiff

v.                                                    Case No. 3:21-cv-484

WELLPATH/CCS, et al.,                                 *Electronically filed*

                              Defendants

## DEFENDANTS' MOTION TO DISMISS
## CERTAIN CLAIMS AGAINST THEM

Defendants Wellpath, John Brinker (in his individual and official capacities), Christy Brent (in her official capacity only), Kaitlin Browning (in her official capacity only), and Barbara Short (in her official capacity only), by counsel, submit the following Motion to Dismiss.

## BACKGROUND

Plaintiff filed the operative complaint in this case on October 27, 2022. [RE 139]. On December 15, 2022, the Court entered a Screening Order and allowed the following claims to proceed: (1) First Amendment Retaliation claims against Browning and Short in their individual capacities; (2) claims of deliberate indifference to serious medical needs against Brent, Browning, Short, and Brinker in their individual capacities; (3) claims of deliberate indifference to serious medical needs against Wellpath and Brent, Browning, Short, and Brinker in their official capacities; and (4) claims under the ADA and RA against Wellpath and the official-capacity Defendants. [RE 144]. Defendants Brent, Browning, and Short have filed an Answer in their individual capacities denying Plaintiff's claims against them. [RE 151]. For the reasons set forth below, Defendant Wellpath, Defendant Brinker, and Defendants Brent, Browning, and Short in

their official capacities request that all remaining claims be dismissed for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

In order to defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "plaintiff must allege facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (internal quotations, alterations, and citations omitted). And "[i]n reviewing a complaint, we construe it 'in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Id.* (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). In this case, even when the allegations in Plaintiff's Superseding Complaint are accepted as true and all reasonable inferences drawn in his favor, Defendants are nonetheless entitled to dismissal of the claims discussed below.

## ARGUMENT

1. **Deliberate Indifference Claim Against John Brinker**

John Brinker is the Health Services Administrator ("HSA") at Kentucky State Reformatory ("KSR"). The only claim proceeding against Brinker is a claim of deliberate indifference to serious medical needs under Section 1983. While Plaintiff states that Brinker was deliberately indifferent in a conclusory fashion, the crux of Plaintiff's claim against Brinker is that the alleged conduct occurred under the "direct supervision of Wellpath/CCS HSA John Brinker." [RE 139 at PageID #855]. However, a supervisor is not liable simply because the supervisor oversaw a subordinate who violated the constitutional rights of another. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Instead, "supervisors must have actively engaged in unconstitutional behavior." *Jones v. Clark Cty., Ky.*, 959 F.3d 748, 761 (6th Cir. 2020). "A supervisory official's failure to supervise, control or train the offending individual

is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* (citation omitted). And "[t]here must be some conduct on the supervisor's part to which the plaintiff can point that is directly correlated with the plaintiff's injury." *Essex v. Cty. of Livingston*, 518 F. App'x 351, 355 (6th Cir. 2013).

Here, Plaintiff does not claim that Brinker directly participated in the alleged constitutional violation. According to Plaintiff, Brinker "admitted they keep a stock of my medication." [RE 139 at PageID #856]. This is an allegation that could be relevant to claims against other parties in this matter, but it is not enough to state a separate deliberate indifference claim against Brinker. After drawing all reasonable inferences in Plaintiff's favor, that alleged fact still does not make it any more likely that Brinker directly participated in withholding Plaintiff's medication (or other medical treatment) or encouraged the conduct. Further, "denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (internal quotations omitted). Accordingly, even under the slightly more liberal standard applied to pro se pleadings, Plaintiff has failed to state a deliberate indifference claim against John Brinker.

## 2.     Deliberate Indifference Claim against Wellpath

Plaintiff has also asserted a claim of deliberate indifference to serious medical needs against Wellpath and the official-capacity Defendants. However, because "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent,'" these claims are merely duplicative of those asserted against Wellpath and should be dismissed on that basis.[1] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

---

[1] The Court permitted the official-capacity claims to proceed because it was unclear whether any of the individual Defendants were employed by KSR instead of Wellpath, which is already named as a defendant. [RE 144 at PageID #903 n.8]. Defendants Short, Browning, and Brinker are

3

In addition, Plaintiff has failed to state a deliberate indifference claim against Wellpath (or its employees in their official capacities). First, Plaintiff's claim for injunctive relief has been dismissed as moot. [RE 144 at PageID #900]. Thus, the only remaining claim against Wellpath is a purported claim for damages. In this circumstance, *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), applies to Plaintiff's deliberate indifference claim against Wellpath (and its employees in their official capacities). Specifically, Plaintiff alleges that Wellpath contracts with the state to provide medical care at KSR. "[A] private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). And, like governmental entities sued in § 1983 actions, Wellpath "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

In this regard, the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation like Wellpath. *See Street.*, 102 F.3d at 818; *Phillips v. Tangilag*, 14 F.4th 524, 537 (6th Cir. 2021) ("To hold [CCS/Wellpath] liable, [the

---

currently employed by Wellpath, and Defendant Brent was formerly employed by Wellpath; none are employed by KSR or KDOC. Thus, in the event Wellpath remains a party to this action, Defendants request that all official-capacity claims be dismissed as moot. *See Thorpe ex rel. D.T. v. Breathitt Cty. Bd. of Educ.*, 932 F. Supp. 2d 799, 802 (E.D. Ky. 2013) ("a § 1983 complaint asserts a claim against a municipal entity and a municipal official in his or her official capacity, federal courts will dismiss the official-capacity claim") (citation omitted); *Baar v. Jefferson County Bd. of Educ.,* 686 F.Supp.2d 699, 704 (W.D. Ky. 2010) ("In the Eastern and Western Districts of Kentucky, however, judges have adopted the practical approach of dismissing the official capacity claims."). Similarly, Plaintiff may not rely upon *Ex Parte Young*, 209 U.S. 123 (1908), to provide a basis upon which the official-capacity claims may survive because the claim for prospective injunctive relief has already been dismissed.

plaintiff] needed to establish that one of its customs or policies caused the underlying Eighth Amendment violation.") (applied in the context of a state contract with the Ky. Dept. of Corrections) (citations omitted).  Here, Plaintiff does not identify any policy or custom of Wellpath that allegedly caused his injury. [See RE 139]. Rather, Plaintiff specifically claims the individual employees intentionally withheld his medication in retaliation for filing lawsuits. [*Id.* at PageID ## 855-56]. He did not claim Wellpath had a policy or custom of intentionally withholding medication or otherwise retaliating against patients at KSR. [*See id.*]. Thus, because Plaintiff alleges a specific reason that the individual Defendants allegedly withheld medication—which was not a policy or custom of Wellpath (or a disability, as discussed below)—he fails to state a claim under *Monell* against Wellpath or the official-capacity Defendants. Plaintiff's deliberate indifference claims against those entities should therefore be dismissed.

**3.    ADA and RA Claims Against Wellpath**

Plaintiff also asserts claims under Titles II and III of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") against Wellpath and the other Defendants in their official capacities. As noted above, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent" and are also duplicative of the claims against Wellpath here. *Graham*, 473 U.S. at 166 (citation omitted).

To bring a claim under Title II of the ADA, Plaintiff must establish: "(1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Geness v. Cox*, 902 F.3d 344, 361 (3d Cir. 2018) (citations and alterations omitted). Here, Plaintiff alleges that Wellpath is a private corporation contracted to provide medical care at Kentucky State Reformatory. But Wellpath is not a "public entity" in this context. *See Kloss v. Correct Care Sols.*, No. 1:18-CV-0025, 2018 WL 6268270, at

*4 n. 5 (W.D. Pa. Oct. 31, 2018) ("To the extent Kloss brings a claim against Correct Care Solutions, LLC under the ADA, such a claim also fails. Private corporations do not constitute "public entities" as contemplated by Title II of the ADA.") (citation omitted), *report and recommendation adopted sub nom. Kloss v. Correct Care Sols., LLC*, No. CV 18-25, 2018 WL 6266921 (W.D. Pa. Nov. 30, 2018); *Phillips v. Tiona*, 508 F. App'x 737, 754 (10th Cir. 2013) ("we join the Eleventh Circuit and the overwhelming majority of other courts that have spoken directly on the issue, and hold that Title II of the ADA does not generally apply to private corporations that operate prisons."); *Tavasci v. Cambron*, No. CIV 16-0461 JB/LF, 2016 WL 6405896, at *20 (D.N.M. Oct. 25, 2016) ("Whether Corizon Health qualifies as a state actor may be relevant to a claim asserted pursuant to 42 U.S.C. § 1983, but it is inapposite for purposes of ADA Title II, which applies only to a "traditional government unit or one created by a government unit.") (citation omitted); *Devine v. Ryan*, No. CV1804286PHXMTLMTM, 2021 WL 3130334, at *9 (D. Ariz. July 23, 2021) ("Plaintiff's Title II ADA claim against Defendant Corizon must also be dismissed because Corizon is not a public entity' for purposes of Title II") (citation omitted); *Hunter v. Correct Care Sols.*, No. 07-3203-SAC, 2007 WL 2954089, at *1 (D. Kan. Oct. 10, 2007) ("Here, none of the defendants named in the complaint [including Correct Care Solutions] fall with the statutory definition of a "public entity."). Therefore, Plaintiff has failed to state a claim under the ADA against Wellpath and the official-capacity Defendants.

The same is true for the RA claim against Wellpath and the official-capacity Defendants. *See Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 169 (3d Cir. 2015) (citations omitted) ("dismissal of statutory claims against defendants Hunter, Arnone, Swanhart, Glofelty, and Corizon Health, Inc. must be affirmed because they are not public entities subject to suit under the ADA or the Rehabilitation Act."). To bring a claim against Wellpath under the RA, Plaintiff must have alleged that Wellpath is a federal agency or receives federal funds. *McIntosh v. Corizon*,

No. 214-CV-00099JMSMJD, 2018 WL 1456229, at *6 (S.D. Ind. Mar. 23, 2018) ("The Rehabilitation Act, 29 U.S.C. § 701 et seq., applies to federal government agencies as well as organizations that receive federal funds. Corizon is not a federal government agency, but it is a private company providing medical services to prisoners.") (internal quotations and citation omitted). Accordingly, Plaintiff has failed to state a claim against Wellpath and the official-capacity Defendants under the ADA or RA, and those claims should be dismissed.

As for Title III of the ADA, any claim for monetary damages must be dismissed, because only injunctive relief is available under Title III of the ADA. *See Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 512 (6th Cir. 2012) ("Title III of the ADA provides only injunctive relief, not monetary damages to successful plaintiffs."); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."); *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999) (recognizing that Title III enforcement statute, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), does not include money damages); *Ajuluchuku v. Yum! Brand, Inc.*, No. 3:05CV826-H, 2006 WL 1523218, at *1 (W.D. Ky. May 23, 2006) ("[I]t is well established that Title III of the ADA does not provide for a private cause of action for damages."); *see also Wattleton v. Doe*, No. 10-11969-JGD, 2010 WL 5283287, at *2 (D. Mass. Dec. 14, 2010) (concluding that federal prison does not constitute a place of public accommodation under Title III of ADA). Thus, Plaintiff's claim for injunctive relief has already been dismissed, and Plaintiff has failed to state a claim against Wellpath (or the official-capacity Defendants) for monetary damages under Title III of the ADA.

WHEREFORE, Defendants request that the Court enter the attached proposed order dismissing all claims against Wellpath, John Brinker, and the remaining Defendants in their official capacities.

Respectfully Submitted,


s/ Charles M. Rutledge
Chares M. Rutledge
Charles A. English
Blackburn Domene & Burchett, PLLC
614 West Main Street, Suite 3000
Louisville, KY 40202
Phone: (502) 584-1600
crutledge@bdblawky.com
cenglish@bdblawky.com
*Counsel for Defendants Wellpath,*
*John Brinker, Christy Brent, Kaitlin*
*Browning, and Barbara Short*

## CERTIFICATE OF SERVICE

I certify that on January 20, 2023, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, and mailed a copy of the foregoing including proposed order to:

Jeffery Johnson
Calloway County Jail
310 N. 4th St.
Murray, KY 42071
*Plaintiff*


s/ Charles M. Rutledge
Chares M. Rutledge