UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:21-CV-00484-JHM

JEFFERY JOHNSON                                                           PLAINTIFF

v.

WELLPATH/CSS, *et al.*                                                    DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

*Pro se* Plaintiff Jeffery Johnson filed this action pursuant to 42 U.S.C. § 1983.  [DN 1].
Plaintiff filed a Superseding Amended Complaint.  [DN 139].  This matter is now before the Court
on a motion to dismiss certain claims pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants
Wellpath; John Brinker in his individual and official capacities; and Christy Brent, Katlin
Browning, and Barbra Short in their official capacities only.  [DN 152].  Fully briefed, this matter
is ripe for decision.

**I.  BACKGROUND**

Plaintiff, currently incarcerated at the Calloway County Jail, complains of his detention as
a convicted prisoner at the Kentucky State Reformatory ("KSR").  [DN 139].  As Defendants in
the Superseding Amended Complaint, he names Wellpath, the medical provider at KSR, and the
following persons in their individual and official capacities:  HSA John Brinker; Nurse Katlin
Browning; Nurse/Supervisor Barbra Short Hanley; and Nurse Christy Brent.  Plaintiff contends
that these Defendants acted with deliberate indifference to his health, safety, and serious medical
needs by withholding medications/medical care in violation of the Eighth Amendment and
retaliated against him in violation of the First Amendment by withholding medications/medical
care due to him filing "multiple lawsuits against their co-workers at Wellpath/CCS & KSR/DOC."

*Id.* at 4.    He also alleges that they knowingly and intentionally failed to provide medications/medical care in a violation of the "ADA [the Americans with Disabilities Act] and [] Rehabilitation Act."  [*Id.* at 6].

More specifically, Plaintiff alleges that on January 8, 2022, Nurse Browning "started refusing me/dening me my diabetic medication everyday she worked between 1-8-22 and 1-16-22 and stated why dont you file something against me like you did Barbra Short [Hanley] when I begged for my medication."  [*Id.* at 4].  Further, alleges Plaintiff, on January 10, 2022, Nurse "Hanley refused me my diabetic & pain meds and stated and I quote 'think about the pain next time you file ah lawsuit against me.'"  [*Id.* at 5].  He also contends that on January 13, 2022, Nurse Christy refused to give him his diabetic and pain medication "makeing me sick and suffer in pain," [*id.*], and that on January 15, 2022, he was again refused his diabetic, pain, and blood pressure medication.  [*Id.*].

Plaintiff reports filing a grievance regarding the allegations made above against Nurses Browning and Hanley, to which non-Defendants "Assistant HSA Danell [] and Dawn Patterson RN CCHP Regional Manager Wellpath/CCS admit I was refused my meds for diabetes that they ran out and were not avaible."  [*Id.* at 4–5].  Plaintiff then asserts, however, that "in a meeting . . . [Defendant] HSA John Brinker admitted they keep ah stock of my medication and had it in early 2022."  [*Id.* at 5].

Plaintiff additionally reports being refused diabetic, blood pressure, and pain medications on October 21 and 22, 2022.  [*Id.* at 5–6].  He reports that he was "extremely sick hypoglycemic with symptoms" and that he "begged for sick calls for 3 days and been refused" and that he was never given a blood glucose check.  [*Id.* at 6].  Finally, Plaintiff states: "10-19-22 Im locked in

2

segragation in retelation after [non-Defendant] Captin Rohmman stated he would find a reason to

hold my in seg if I filed anything else against them" or "filed any more complaints." [*Id.* at 5.].

Upon initial review pursuant to 28 U.S.C. § 1915A, the Court allowed to proceed Plaintiff's

First Amendment retaliation claims against Nurses Browning and Hanley in their individual

capacities for damages; Eighth Amendment claims of deliberate indifference to serious medical

needs against Wellpath and Brinker, Nurse Browning, Nurse Hanley, and Nurse Christy in their

individual and official capacities; and Title II and Title III of the ADA and the Rehabilitation Act

claims against Wellpath and Brinker, Nurse Browning, Nurse Hanley, and Nurse Christy in their

official capacities. [DN 144]. Defendants now move to dismiss some of the claims. [DN 152].

## II.  STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]],"

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all

well-pled factual allegations as true," *id.*, and determine whether the "complaint states a plausible

claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Under this standard, the plaintiff

must provide the grounds for his or her entitlement to relief, which "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when he or

she "pleads factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A complaint falls short if it pleads

facts "'merely consistent with' a defendant's liability," *id*. at 678 (quoting *Twombly*, 550 U.S. at

557), or if the alleged facts do not "permit the court to infer more than the mere possibility of

misconduct," *id*. at 679.  Instead, the allegations must "show[ ] that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Courts apply the same standard when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) as they do on initial review under § 1915A.  *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013); *Wilder v. Collins*, No. 2:12-CV-00064, 2012 WL 1606035, at *5 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."); s*ee also Johnson v. Brady*, No. 4:19-CV-P29-JHM, 2019 WL 6311997, at *1 (W.D. Ky. Nov. 25, 2019); *Clark v. Ramey*, No. 5:17CV-P44-GNS, 2018 WL 810589, at *2 (W.D. Ky. Feb. 8, 2018).  As another district court stated, "a motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond." *Moreno v. Beddome*, No. CV 11-2333-PHX-DGC, 2012 WL 3150205, at *2 (D. Ariz. Aug. 2, 2012).  With the foregoing in mind, the Court will address the merits of the instant motion.

## III.  DISCUSSION

### A.  Official-Capacity Claims

Plaintiff sues Wellpath and its employees, Brinker, Browning, Hanley, and Brent in their official capacities.  "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's official-capacity claims against these Defendants are actually against Wellpath. *See, e.g., Smith v. Davis*, No. 5:17-CV-P187-GNS, 2018 WL 1341694, at *5 (W.D. Ky. Mar. 14, 2018) (finding official-capacity claim against an employee of Correct Care Solutions (CCS) to be

4

against CCS itself); *Prather v. Correct Care Sols.*, No. 3:16-CV-P60-JHM, 2016 WL 2903288, at *4 (W.D. Ky. May 18, 2016) (same).  Therefore, Plaintiff's official-capacity claims against Brinker, Browning, Hanley, and Brent will be dismissed as redundant to his continuing claims against Wellpath.

### B. Deliberate Indifference Claim against Wellpath

Defendants argue that Plaintiff's claims against Wellpath must be dismissed because Plaintiff does not identify any policy or custom of Wellpath that allegedly caused his injury under *Monell.*  Defendants maintain that Plaintiff only alleges that the Wellpath employees intentionally withheld his medication in retaliation for filing lawsuits; therefore, because he does not claim that Wellpath has a policy or custom of intentionally withholding medication for retaliation purposes, he fails to state a claim against Wellpath.

The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Wellpath.  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").  Under *Monell*, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation.  *Id.* at 694.  Thus, to demonstrate Wellpath's liability, Plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Here, contrary to Defendants' argument, Plaintiff appears to allege that Wellpath had a policy, custom, or practice of not providing inmates medication, that Wellpath continued to permit

5

its employees to withhold medication throughout Plaintiff's incarceration at KSR, and Plaintiff's physical and mental pain and suffering were directly linked to his failure to obtain his diabetes medication, along with other medications.  Construing the complaint in the light most favorable to Plaintiff, as the Court is required to do at the pleadings stage, *see Boag v. MacDougall*, 454 U.S. 364 (1982), the Court finds that Plaintiff has sufficiently alleged a policy, custom, or practice on the part of Wellpath and will deny the motion to dismiss on this basis.

### C.  ADA and Rehabilitation Act Claims

Plaintiff claims that Defendants intentionally withheld medications and treatment from him in violation of Titles II and III of the ADA and the Rehabilitation Act against Wellpath.  Wellpath moves to dismiss these claims against Wellpath arguing that liability under the ADA and the Rehabilitation Act does not apply to it in this situation.

The Court will dismiss Plaintiff's Title II ADA claim and Rehabilitation Act claim against Wellpath.  Under the ADA, "[t]he term 'public entity' means–(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)."  42 U.S.C. § 12131(1).  Although the Sixth Circuit has not considered whether a private contractor can be a "public entity" under Title II of the ADA, the Circuit courts that have spoken have held that a private contractor is not a "public entity" under the ADA.  *See, e.g., Phillips v. Tiona*, 508 F. App'x 737, 748 (10th Cir. 2013) (unpublished) (holding that the ADA does not apply to private prisons); *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) (same); *Green v. City of N.Y.*, 465 F.3d 65, 78–80 (2d Cir. 2006) (holding that a private hospital contracting with the City is not a public entity).  In so holding, the courts determined that the term "instrumentality of a State" in Title II is "best read as referring to

6

a creature of a state or municipality." *Green*, 465 F.3d at 79. Thus, even where a private entity contracts with the state to "perform a traditional and essential government function, it remains a private company, not a public entity." *Edison*, 604 F.3d at 1310 (citing *Green*, 465 F.3d at 79).

Thus, the Court finds that Wellpath is not a "public entity" under § 12131 and is therefore not subject to suit under Title II. *See also Thompson v. Mich. Dep't of Corr.*, No. 17-10490, 2018 WL 5094078, at *2 (E.D. Mich. Aug. 10, 2018) (concluding that a private health provider that contracted with a state prison was not a "public entity" under the ADA); *Cox v. Jackson*, 579 F. Supp. 2d 831, 852–853 (E.D. Mich. 2008).

Similarly, Wellpath is neither a federal agency nor receives federal funds under the Rehabilitation Act. *McIntosh v. Corizon,* No. 2:14-CV-00099-JMS, 2018 WL 1456229, at *6 (S.D. Ind. Mar. 23, 2018) ("The Rehabilitation Act, 29 U.S.C. § 701 et seq., applies to federal government agencies as well as organizations that receive federal funds. Corizon is not a federal government agency, but it is a private company providing medical services to prisoners.") (internal citation omitted); *Watson v. Michigan,* No. 18-CV-10518, 2018 WL 2194225, at *2 (E.D. Mich. May 14, 2018) (concluding that a private health provider that contracted with a state prison was not a public entity under the RA).

Finally, Plaintiff's Title III claims for damages fail as well. Title III of the ADA prohibits discrimination in places of public accommodation against persons with disabilities. 42 U.S.C. § 12182(a). Any claim under Title III of the ADA is barred because only injunctive relief is available. *See Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 512 (6th Cir. 2012) ("Title III of the ADA provides only injunctive relief, not monetary damages, to successful plaintiffs."); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he

cannot recover damages."); *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999) (recognizing that Title III enforcement statute, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), does not include money damages); *Ajuluchuku v. Yum! Brand, Inc.*, No. 3:05CV826-H, 2006 WL 1523218, at *1 (W.D. Ky. May 23, 2006) ("[I]t is well established that Title III of the ADA does not provide for a private cause of action for damages.").

Because Plaintiff had been transferred to another facility, his claims for injunctive relief were previously dismissed.  In light of the above case law, the claims brought under Title III of the ADA will be dismissed against Wellpath as well.

### D.  Eighth Amendment Claim against John Brinker in his Individual Capacity

"It is well settled that the deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted).  An Eighth Amendment claim consists of both an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  The objective component requires that the medical need be sufficiently serious.  *Rhodes v. Chapman*, 452 U.S. 337, 345–47 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992).  This component is contextually driven and is responsive to "contemporary standards of decency."  *Hudson*, 503 U.S. at 8.  The subjective component requires that the official's conduct be deliberately indifferent to a plaintiff's needs.  *Farmer*, 511 U.S. at 834.  Deliberate indifference is a "state of mind more blameworthy than negligence."  *Id.* at 835.

In its initial review, the Court found that the Superseding Amended Complaint contained "sufficient factual matter to state Eighth Amendment claims of deliberate indifference to serious

8

medical needs and [allowed] those claims to continue against Wellpath and all other Defendants in their individual . . . capacities." [DN 144 at 6].

Defendants now argue that the crux of Plaintiff's claim against Defendant Brinker is that the alleged conduct occurred under his direct supervision which is not actionable because "supervisors must have actively engaged in unconstitutional behavior." *Jones v. Clark Cnty., Ky.*, 959 F.3d 748, 761 (6th Cir. 2020). To establish supervisory liability in a § 1983 action, there must be "a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872–74 (6th Cir. 1982)); *see also Lauderdale v. Brady*, No. 4:22-CV-P117-JHM, 2023 WL 3553146, at *3 (W.D. Ky. May 18, 2023).

Here, Plaintiff alleges that Brinker was aware of the deprivation of the medication at some point, that Brinker met with Plaintiff and other individuals, that Brinker admitted that Wellpath kept a stock of Johnson's medication and admitted that Wellpath had the medication at the time of its deprivation, and, reading the Superseding Amended Complaint liberally, that Brinker failed to take any action to remedy the situation or to ensure it did not happen again—which it did. [*Id.* at 5]. In light of these allegations, the Court finds that Plaintiff pleaded sufficient factual matter to state an Eighth Amendment claim of deliberate indifference against Defendant Brinker in his individual capacity for implicitly authorizing, approving, or knowingly acquiescing in the alleged unconstitutional conduct of the three nurses. Accordingly, Defendants' motion to dismiss the individual-capacity claims against Brinker will be denied.

## IV.  CONCLUSION

For reasons set forth above, **IT IS ORDERED** as follows:

1.     Defendants' motion to dismiss [DN 152] is **GRANTED IN PART AND DENIED IN PART**.

2.     Plaintiff's official-capacity claims against Brinker, Browning, Hanley, and Brent are **DISMISSED** as redundant to his continuing claims against Wellpath.

3.     Plaintiff's claims against Wellpath for violations of Titles II and III of the Americans with Disabilities Act and the Rehabilitation Act are **DISMISSED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.014

June 28, 2023

10