UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:21-CV-484-CRS

ANTHONY CAIN,
also known as Jeffery Johnson,                                                                 PLAINTIFF

v.

WELLPATH/CCS, et al.                                                                          DEFENDANTS

## MEMORANDUM OPINION & ORDER

This is a *pro se* 42 U.S.C. § 1983 action in which plaintiff Anthony Cain[1] raises deliberate indifference claims against defendants Christy Brent, Kaitlin Browning, Barbara Short, John Brinker, and Wellpath, LLC, and retaliation claims against Browning and Short. This matter is now before the court on the parties' cross-Motions for Summary Judgment. [Pl.'s Mot. for Sum. Judg., DN 166]; [Defs' Mot. for Sum. Judg., DN 182]. Fully briefed, the matters are ripe for adjudication.

### I.     Background

At the time of the alleged events, Cain was imprisoned at the Kentucky State Reformatory ("KSR"). Cain alleges that Brent, Browning, Short, Brinker, and Wellpath — all medical providers at KSR — were deliberately indifferent to his serious medical needs. Specifically, Cain alleges that the defendants refused to provide him with his diabetes medication between January 8 and 16, 2022 and again between October 21 and 22, 2022. [Pl.'s Mot. for Sum. Judg., DN 166 at 13]. It is undisputed that Cain was not provided his diabetes medication on the days alleged in January. [Defs' Reply to Def. Mot. for Sum. Judg., DN 191 at 7] (acknowledging same). Rather, whether the failure rises to the level of a constitutional violation is disputed. Cain also alleges that he was

---

[1] At the onset of this case, the plaintiff's name was Jeffery Kenneth Johnson. However, in April 2023, Johnson legally changed his name to Anthony Chase Cain. On November 13, 2023, the court granted Cain's motion to change the case caption to reflect his new name. [DN 196].

denied Tylenol and blood pressure medication on some of those days. Cain alleges he suffered physical pain and emotional distress as a result of the defendants' deliberate indifference to his constitutional rights. Specifically, Cain alleges he became "hypoglycemic with symptoms of KDA." [Pl.'s Mot. for Sum. Judg., DN 166 at 5].

As for Browning and Short, Cain further alleges that their denial of his medication was motivated by an intention to punish Cain for having filed a lawsuit against Short — which is the basis of his § 1983 First Amendment retaliation claims.

## II. Legal Standard

A court may grant a motion for summary judgment where it finds that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party must produce specific facts demonstrating a genuine dispute of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6–7 (6th Cir. May 5, 2010) (citations omitted). Additionally, the Sixth Circuit Court of Appeals has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine dispute for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010).

### III. Discussion

**A. Cain failed to exhaust his administrative remedies as to some claims.**

The defendants argue that they are entitled to judgment as a matter of law because Cain failed to exhaust his administrative remedies before filing this lawsuit. [Defs' Mot. for Sum. Judg., DN 182 at 6–8]. The court agrees. The Prison Litigation Reform Act requires prisoners to exhaust their available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997(e). To properly exhaust administrative remedies, "a grievance must identify each defendant eventually sued" and allege misconduct by each defendant. *Bell v. Konteh*, 450 F.3d 651, 653–54 (6th Cir. 2006). The allegations in the grievance must give "sufficient notice of the matter being grieved." *Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x 682, 688 (6th Cir. 2013) (citing *Reed-Bay v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010)). Additionally, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

In Kentucky state prisons, prisoners must complete the administrative review process set forth in Kentucky Corrections Policy and Procedure § 14.6. When a grievance is healthcare related, like Cain's, the prisoner must first submit a grievance within five days of the alleged incident which (1) details when the incident occurred and (2) identifies all the individuals involved. [Ky. Corr. Pol'y & Proc., DN 182-5 at § 14.6(II)(K)]; *see also Mattox v. Edelman*, 851 F.3d 583, 590–91 (6th Cir. 2017). Next, if the grievance's resolution is unfavorable, the prisoner must request review by the Health Care Grievance Committee. [Ky. Corr. Pol'y & Proc., DN 182-5 at § 14.6(II)(K)(2)]. If the Health Care Grievance Committee affirms the unfavorable decision, to fully exhaust his administrative remedies, the prisoner must appeal the decision to the Medical Director. [Ky. Corr. Pol'y & Proc., DN 182-5 at § 14.6(II)(K)(3)]. If the Medical Director affirms the unfavorable decision, the prisoner may then file a civil action in federal court.

Here, the defendants note that Cain's grievance only identified Short and Browning — not Brinker, Brent, and Wellpath. [Defs' Mot. for Sum. Judg., DN 182 at 6–8]. Moreover, the defendants assert that the substance of Cain's grievance was limited to Short and Browning's alleged denial of Cain's diabetes medication in January 2022. Finally, the defendants point out that Cain's grievance was filed two months after the alleged infractions occurred — well outside the five-day period provided by CPP § 14.6. Thus, the defendants seek entry of judgment in their favor as to all claims because of Cain's failure to properly exhaust his administrative remedies.

Cain concedes that his grievance (1) did not identify Brinker, Brent, and Wellpath, (2) was untimely filed, and (3) did not concern the October 2022 allegations. [Pl.'s Resp. to Defs' Mot. for Sum. Judg., DN 188 at 7–9] (acknowledging same). Thus, there are no genuine disputes of material fact as to those issues. However, Cain's grievance was not limited in substance to Short and Browning's alleged denial of his diabetes medication in January 2022. The grievance included,

too, the alleged denial of his pain medication by Short: "Nurse Barbara Short refused me my diabetic and pain medication[.]" [Pl.'s Grievances, DN 182-6 at 312].

The court is inclined to excuse the admittedly untimely nature of Cain's grievance. Cain asserts that he was unable to prepare and file a grievance while in a restricted housing unit, and the defendants do not rebut his assertion. Moreover, Cain's untimely grievance proceeded through the prison administrative review process on its merits. *See* [Pl.'s Grievances, DN 182-6 at 310]. That said, the court is willing only to review the merits of the allegations advanced in Cain's grievance — nothing more and nothing less. *Bell*, 450 F.3d at 653–54; *Maxwell*, 538 F. App'x at 688. By Cain's admission, those are the allegations that (1) Short declined to provide Cain his pain medication in January 2022, (2) Short and Browning declined to provide Cain his diabetes medication in January 2022, and (3) Short and Browning denied Cain his medication in retaliation for Cain filing a lawsuit against Browning.

**B. Cain's remaining § 1983 claims fail on the merits.**

Two of Cain's claims require a merits review: (1) his § 1983 deliberate indifference claim against Short and Browning for their failure to provide him with diabetes and pain medication; and (2) his § 1983 First Amendment retaliation claim against Short and Browning. To prevail on either claim, Cain must show that (1) he was deprived of a constitutional right, privilege, or immunity, and (2) the deprivation was caused by a person acting under color of law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978).

      **i.     § 1983 Deliberate Indifference.**

As a prisoner, Cain is protected by the Eighth Amendment from "cruel and unusual punishments." U.S. Const. amend. VIII. Cruel and unusual punishment includes the deprivation

of necessary medical treatment in prisons. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). Cain's § 1983 claim rests on this constitutional right.

To prevail, Cain must prove that Short, Browning, or both acted with "deliberate indifference" to his medical needs. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle*, 429 U.S. at 104). This inquiry has two components: one objective, the other subjective. The objective component requires Cain to show that he suffers from a "sufficiently serious" medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 528 (6th Cir. 2008). The subjective component requires Cain to show that Short, Browning, or both "subjectively perceived facts from which to infer substantial risk to [Cain], that [they] did in fact draw the inference, and that [they] then disregarded that risk." *Comstock v. McCrary*, 279 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 387 (1994)). More than mere negligence must be alleged to state a claim of deliberate indifference. *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005).

As to the pain medication related allegation, Cain alleges that he required pain medication for "diabetic neuropathy 'foot pain'" and that this medication was not provided by Short on January 10 and by Browning on January 13, 2022. [Pl.'s Mot. for Sum. Judg., DN 166 at 18]. However, Cain's certified medical records reflect that, in truth, Short administered a pain medication — Nortriptyline — to Cain on January 10, 2022. [Pl.'s Medical Records, DN 182-1 at 668]. Short advised Cain that he could not receive his preferred pain medication, Tylenol, because there was not a physician order entered. [Pl.'s Medical Records, DN 182-1 at 668]. Additionally, Cain's certified medical records reflect that, on January 12, 2022, Browning, who had administered Tylenol to Cain "for a couple days," advised Cain that she could no longer do so without a

physician's order. [Pl.'s Medical Records, DN 182-1 at 674]. A physician's order for Tylenol was obtained on January 16, 2022. [Pl.'s Medical Records, DN 182-1 at 679]. No evidence in the record disputes Cain's certified medical records; thus, there is no genuine dispute of material fact. There is simply nothing in the record which supports Cain's theory that Short or Browning consciously disregarded a substantial risk to Cain by declining to administer pain medication to him. To the contrary, both Short and Browning acted to alleviate Cain's pain: Short by administering Nortriptyline and Browning by administering Tylenol until she no longer could do so and then acting to secure a prescription.

As to the diabetes related allegation, the objective component of the *Harrison* inquiry is not at issue. It is undisputed that Cain was diagnosed with type II diabetes and that he did not receive his medication for a few days in January 2022. *See Hefner v. McMinn Cnty.*, No. 1:10-cv-169, 2011 U.S. Dist. LEXIS 11147, at *16 (E.D. Tenn. Sept. 28, 2011) (objective component satisfied where plaintiff was denied diabetes medication "for approximately one day"). Still, the success of this § 1983 deliberate indifference claim rests upon (1) the subjective component of Short and Browning's delayed administration of his diabetes medication in January 2022 and (2) the existence of medical records which establish Cain suffered a detrimental effect. Indeed, "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

Cain's certified medical records reflect the following. On January 4, 2022, Cain's diabetes prescription was renewed and he obtained "16 tabs" of the medication. [Medical Director Rev. of Pl.'s Grievance, DN 182-6 at 322]. The following day, Cain was transferred to "restrictive

housing" at KSR "for disciplinary actions." [Pl.'s Medical Records, DN 182-1 at 8]. "[H]is medication did not come with his property." [Pl.'s Medical Records, DN 182-1 at 8]; *see* [Pl.'s Grievance, DN 182-6 at 322] (medical director asking "where did the . . . medication go?" in his administrative review of Cain's grievance). When distributing other medications to Cain, "medical staff learned that" Cain's "prescription for Glipizide had not been transferred and needed to be re-ordered." [Aff. Browning, DN 182-4 at 2]; [Aff. Short, DN 182-3 at 2]. In the end, a physician entered an order for Cain's diabetes medication on January 13, 2023 — eight days after he was transferred to restrictive housing for disciplinary action. [Pl.'s Medical Records, DN 182-1 at 9]. The order's effective date was January 17, 2023, so the medication could not be administered until then. [Pl.'s Medical Records, DN 182-1 at 9]. On that date, Cain received his diabetes medication.

While the record in this case shows some delay in Cain's receipt of diabetes medicine, the record does not contain verifying medical records which "establish the detrimental effect of the delay in medical treatment[.]" *Napier*, 238 F.3d at 742. Cain has done no more than simply allege that he suffered from "KDA" and hypoglycemia. He has not provided verifying medical records. Nor has he pointed the court to any other such record evidence. This is insufficient to defeat a summary judgment motion because Cain "has an affirmative duty to direct the court's attention to those specific portions of the record upon which [he] seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001); *see Viergutz*, 375 F. App'x at 485. Further and contrary to Cain's unsupported assertion, the record evidence suggests that Cain did not suffer any detrimental effects. *See* [Pl.'s Grievance, DN 182-6 at 314] (indicating that Cain "did not place any sick calls or voice any complaints" during January 2022).

### ii.     § 1983 First Amendment Retaliation.

Cain further alleges that Browning and Short denied him his medicine in retaliation for Cain's having sued Short. "A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). That said, "each step of the analysis is flexible enough to take into account the various contexts in which retaliation claims might be made." *Id.* at 395.

Cain's § 1983 First Amendment retaliation claim fails on the second prong because the record does not contain any evidence of an adverse action taken by either Browning or Short. The record does not show that Browning or Short intentionally delayed the administration of Cain's medication. In truth, the record reveals that there was simply no diabetes medication available for Browning and Short to administer to Cain because the medication was not transferred along with his other property when he was moved to a restricted housing unit. [Pl.'s Medical Records, DN 182-1 at 8]; [Aff. Browning, DN 182-4 at 2]; [Aff. Short, DN 182-3 at 2]. Once that deficiency was detected, a new prescription was ordered. [Pl.'s Medical Records, DN 182-1 at 9]. Cain received his diabetes medication thereafter. This does not constitute an adverse action, so Cain's § 1983 retaliation claim fails as a matter of law. *Thaddeus-X*, 175 F.3d at 394; *Tatta v. Wright*, 616 F.Supp.2d 308, 320 (N.D.N.Y 2007) (finding that failure to demonstrate denial of "adequate or timely medical" care also entails failure to demonstrate sufferance of "any adverse action").

IV.     Conclusion

Cain failed to exhaust his administrative remedies as to his claims against Brent, Brinker, and Wellpath and as to the October 2022-related claims against Browning and Short. Moreover, there being no genuine dispute of material fact, Cain's remaining § 1983 claims against Browning and Short fail on the merits. Thus, the court concludes that the defendants' Motion for Summary Judgment [DN 182] as to all claims must be and hereby is **GRANTED** and that Cain's Motion for Summary Judgment [DN 166] as to all claims must be and hereby is **DENIED**. A separate judgment will be entered contemporaneously with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

November 30, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of Record