UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:21-CV-484-CRS

ANTHONY CAIN,
also known as Jeffery Johnson,                                                                           PLAINTIFF

v.

WELLPATH/CCS, et al.                                                                                     DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the court on *pro se* plaintiff Anthony Cain's Motions for leave to appeal *in forma pauperis*, DN 211, and to reinstate this case, DN 206. For the reasons below, the court will deny both Motions.

### I. Post-Judgment Procedural History

The court entered its Final Judgment in this case on December 1, 2023. DN 199. Cain filed his first Motion to reinstate this case on December 11, 2023. DN 202. The court denied that Motion on January 26, 2024 as frivolous and warned him that "future filings in this closed action may result in sanctions being entered against him, including monetary sanctions and filing restrictions." 1/26/2024 Order, DN 205 at PageID# 1987. Shortly after, on February 12, 2024, Cain filed a second Motion to reinstate. DN 206. Subsequently, on March 4, 2024, he filed a notice of appeal to the U.S. Court of Appeals for the Sixth Circuit. DN 207. On the same day, the Clerk of Court entered a notice of deficiency because Cain neither paid the filing fee nor moved for leave to appeal *in forma pauperis*. DN 208. Thereafter, Cain moved this court for leave to appeal *in forma pauperis*. DN 211. On March 13, 2024, the Sixth Circuit issued a Show Cause Order which provided Cain twenty-one days to explain why his appeal should not be dismissed as untimely. DN 210. To date, Cain has yet to respond to the Sixth Circuit's Order.

## II. Discussion

### A. Motion to Appeal *In Forma Pauperis*

At the onset of this action, Cain was granted leave to proceed *in forma pauperis*. DN 7. In the ordinary course, then, Cain would have been permitted to "proceed on appeal in forma pauperis without further authorization." FED. R. APP. P. 24(a)(3). However, there are two exceptions to Rule 24(a)(3), one being where "a statute provides otherwise." *Id.* at 24(a)(3)(B). Here, a statute does provide otherwise:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

18 U.S.C. § 1915(g).

In a subsequent case filed in this district by Cain, Cain was denied leave to proceed *in forma pauperis* because it was found that he had, "on 3 or more occasions," filed a civil action that was frivolous or failed to state a claim upon which relief may be granted and that he was not "under imminent danger of serious physical injury." *Johnson v. Kimbro, et al.*, No. 5:23-CV-120, DN 8 at PageID# 55–57 (W.D. Ky. Oct. 13, 2023).[1] Thus, absent a showing of "imminent danger"—which Cain does not contend applies here—§ 1915(g) precludes Cain from appealing this action *in forma pauperis*. *Richards v. Whitmer*, No. 2:20-CV-122, 2023 WL 3601708, at *1 (W.D. Mich.

---

[1] *See Johnson v. Young, et al.*, No. 3:21-CV-411-GNS (dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants immune from such relief); *Johnson v. Murray State Univ., et al.*, No. 5:13-CV-156-TBR (dismissed as frivolous and for failure to state a claim upon which relief may be granted); *Johnson v. Marcum, et al.*, No. 5:13-CV-103-TBR (dismissed for failure to state a claim upon which relief may be granted). To be clear, Cain's name was previously Jeffery Kenneth Johnson. However, in April 2023, Johnson legally changed his name to Anthony Chase Cain. On November 13, 2023, the court granted Cain's Motion to change the caption of this case to reflect his new name. 11/13/2023 Order, DN 196.

May 23, 2023) (denying motion for leave to appeal *in forma pauperis* where movant was initially permitted to proceed in the district court *in forma pauperis* because § 1915(g) prohibited such).

Further, the court observes that Cain's Motion to appeal *in forma pauperis* is deficient on its face. Specifically, Cain did not provide a certified copy of his prisoner trust fund account statement as required by 18 U.S.C. § 1915(a)(2). Instead, Cain wrote the following on the "Certificate of Authorized Prison Official" form: "Jail officials refuse to fill this part out." IFP Motion, DN 211 at PageID# 2005. For both reasons, the court will deny Cain's Motion to appeal *in forma pauperis*.

### B. Second Motion to Reinstate

Cain moved, for a second time, to reinstate this action. DN 206. Because Cain's Motion was filed outside the 28-day period for filing a motion under Rule 59(e), the court construes the Motion as one brought pursuant to Rule 60(b). After filing his Rule 60(b) Motion, Cain noticed his appeal in the Sixth Circuit. DN 207.

"After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to *grant* a Rule 60(b) motion." *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008) (emphasis added). However, the court may (1) defer considering the Rule 60(b) motion; (2) deny the motion; or (3) state either that it would grant the motion if the circuit court remands for that purpose or that the motion raises a substantial issue. FED. R. CIV. P. 62.1(a). Thus, the court will consider Cain's Rule 60(b) Motion pursuant to Rule 62.1(a). *McLaughlin v. G2 Eng'g & Mgmt., Inc.*, No. 3:15-CV-537-TAV, 2020 WL 980141, at *2 (E.D. Tenn. Feb. 28, 2020) ("Rule 62.1 does not provide for relief itself; rather, it provides the Court with authority to entertain a motion for relief, including, for example, a Rule 60(b) motion.").

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "A party seeking relief under Rule 60(b) bears the burden of establishing grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Cain contends that this action was "fraudulently dismiss due tampering with the case by Ken Claud and [Calloway County] jail's staff." Motion to Reinstate, DN 206 at PageID# 1988. Further, Cain adds that he "was allowed to view discovery in this case" for "the first time" "after the case had been dismissed." *Id.* Cain also avers that Calloway County Jail staff are "fraudulently manufacturing" "federal court documents" and responding to Cain's filings "as if they are the court." *Id.*

Cain's allegations do not fit within any of the first five provisions of Rule 60(b). Although he alleges fraud, said fraud is not alleged to have been committed by the defendants in this action. *See* FED. R. CIV. P. 60(b)(3). Also, Cain's allegation that he was only "allowed" to review discovery after the case was dismissed does not fit within the context of Rule 60(b)(2), which is concerned only with newly discovered evidence. Therefore, Cain's allegations fall under Rule 60(b)'s catch-all provision which provides that a court may grant a party's motion for "any other

reason that justifies relief." *Id.* at 60(b)(6). This catch-all provision "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). That is, "courts must apply Rule 60(b)(6) relief only in unusual and extreme circumstances where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

The court will deny Cain's Rule 60(b)(6) Motion for three reasons. First, Cain's Motion is devoid of any evidentiary support and legal authority. *Info-Hold*, 538 F.3d at 454 (movant bears the burden of establishing grounds for relief "by clear and convincing evidence"). The same was true of Cain's first Motion to reinstate, which the court denied as frivolous. 1/26/2024 Order, DN 205 at PageID# 1986.

Second, this action was not "fraudulently" dismissed. The court's earlier Memorandum Opinion & Orders demonstrate that Cain's contrary assertion has no basis in fact. 12/1/2023 Mem. Opinion & Order, DN 198; 1/26/2024 Order, DN 205. The court dismissed this action because Cain failed to exhaust his administrative remedies and because, there being no genuine dispute of material fact, his 42 U.S.C. § 1983 deliberate indifference and retaliation claims failed as a matter of law. *See* 12/1/2023 Mem. Opinion & Order, DN 198 at PageID# 1968. Cain addresses neither reason for dismissal in his Motion.

Third, Cain does not identify which orders in the docket he believes were manufactured or mailed by Calloway County Jail staff. Moreover, the court has reviewed the docket and finds no evidence of any order or other filing that was manufactured or changed.

As the court finds no "exceptional or extraordinary circumstances" to warrant relief under Rule 60(b)(6), *Ford Motor Co.*, 487 F.3d at 468; *Blue Diamond Coal*, 249 F.3d at 524, Cain's Motion will be denied pursuant to Rule 62.1(a)(2). *Harvey v. United States*, No. 1:11-CR-24-TBR, 2017 WL 89492, at *5 (W.D. Ky. Jan. 9, 2017) (denying Rule 60(b) Motion pursuant to Rule 62.1(a)(2) while an appeal was pending); *Dugle ex rel. Dugle v. Norfolk Southern Ry. Co.*, No. 07-CV-40-KKC, 2011 WL 1542060, at *1–2 (E.D. Ky. Apr. 21, 2011) (same); *Green v. Bank of America Corp.*, No. 11-10511, 2012 WL 12903150, at *3 (E.D. Mich. Aug. 31, 2012) (same); *McLaughlin*, 2020 WL 980141, at *2–4 (same).

### III. Conclusion

For the reasons expressed in section II(A) above, Cain's Motion for leave to appeal *in forma pauperis*, DN 211, is **DENIED**. Additionally, for the reasons expressed in section II(B) above, Cain's construed Rule 60(b) Motion, DN 206, is **DENIED** pursuant to Rule 62.1(a)(2).

Within **30 days** of service of this Order, Cain must either **(1) pay the $605 appellate filing fee in full to the Clerk of the District Court or (2) file a motion to proceed on appeal *in forma pauperis* in the U.S. Circuit Court of Appeals for the Sixth Circuit in accordance with FED. R. APP. P. 24(a)(5)**. Should Cain choose to pay the fee, payment must be made payable to the **Clerk, U.S. District Court** and sent to the following address:

Office of the Clerk
United States District Court
Western District of Kentucky
601 West Broadway, Suite 106
Louisville, Kentucky 40202-2249

Cain is **WARNED** that failure to comply with this Order within the time allotted **may result in dismissal of the appeal**. Additionally, in accord with the court's prior warning, Cain is

hereby **RESTRICTED from filing additional motions in this closed case. The Clerk is directed to return or discard any additional motions filed in this closed case by Cain.**

    **IT IS SO ORDERED.**

April 11, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:    Plaintiff/Appellant, *pro se*
        Counsel of Record
        Clerk, Sixth Circuit (No. 24-5224)